**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| CEDRIC GREENE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 4:25-cv-00613-SRW |
| | ) |
| KOREATOWN MENTAL HEALTH, | ) |
| | ) |
| Defendant. | ) |

### MEMORANDUM AND ORDER

This matter is before the Court on the motion of self-represented Plaintiff Cedric Greene for leave to commence this civil action without prepayment of the required filing fees and costs. ECF No. 2. Upon consideration of the financial information provided with the motion, the Court finds that Plaintiff is unable to pay the filing fee. As a result, Plaintiff's motion will be granted, and the filing fee will be waived. *See* 28 U.S.C. § 1915(a)(1). Additionally, for the reasons discussed below, this case will be dismissed for improper venue. *See* 28 U.S.C. §§ 1391(b), 1406(a).

### Background

Based on a search of Court records, Plaintiff has filed a total of thirty-three (33) cases in this Court since March 5, 2025. At least twenty-four (24) of Plaintiff's cases have already been dismissed for lack of subject matter jurisdiction or improper venue. In addition, the Court is aware that several other federal courts have already imposed filing restrictions on Plaintiff. *See Greene v. Sprint Nextel Corp.*, 750 Fed. App'x 661, 666 & n.3 (10th Cir. 2018) (noting filing restrictions imposed on Plaintiff in the Ninth and Tenth Circuit courts, as well as federal district

courts in Kansas, Utah, California, and Nevada). In January 2024, the United States Court of Federal Claims estimated that Plaintiff had filed more than three hundred (300) cases in federal courts throughout the country. *See Greene v. U.S.*, 169 Fed. Cl. 334, 339 (2024), *appeal dismissed*, No. 2024-1475, 2024 WL 2239024 (Fed. Cir. May 17, 2024).

## The Complaint

Plaintiff brings this suit against Defendant Koreatown Mental Health, a mental health clinic located in Los Angeles, California. ECF No. 1 at 2 & 6. Plaintiff seeks money damages "due to the tort that caused [Plaintiff] to go into a serious panic." *Id.* at 7. Plaintiff's allegations are difficult to decipher but as best the Court can determine, the alleged "tort" is that Plaintiff went to the Defendant mental health clinic seeking assistance in obtaining a bed in a homeless shelter, and the clinic counselor just provided him with a list of emergency shelters. *Id.* at 6. Plaintiff complains that the clinic counselor "didn't work with [him] at all in terms of calling to see if [there] was a homeless bed for him." Plaintiff further asserts that the Defendant clinic falsely claims to have reached out to him four (4) days later regarding a shelter bed. *Id.*

Based on the Complaint, Plaintiff is a resident of Los Angeles, California and Defendant Koreatown Mental Health is located in the same city and state.[1] *Id.* at 2. Plaintiff asks that this Court accept this case pursuant to diversity jurisdiction, 28 U.S.C. § 1332. *Id.* at 3-5. Plaintiff

---

[1] Plaintiff provides an address located in Los Angeles, California, but states his citizenship for diversity jurisdiction purposes as "Current Pending Status." ECF No. 1 at 2-3. The burden falls upon the party seeking the federal forum to demonstrate that the parties are citizens of different states. *Sheehan v. Gustafson*, 967 F.2d 1214, 1215 (8th Cir. 1992). To determine a plaintiff's citizenship, the Court looks to the plaintiff's place of domicile, or where he resides. When there is debate as to domicile, the Court looks to whether plaintiff is present in the purported state of domicile and his intention to remain there indefinitely. *See id.* In this case, Plaintiff appears to be present in California and seeking new shelter in that state. The Court has no reason to believe that Plaintiff is a citizen of any state besides California.

has not stated an amount in controversy.  *See id.* at 4 (leaving "The Amount in Controversy" section of the form complaint blank).

## Discussion

Plaintiff has not established that venue is proper in this Court. Defendant is located in California and the events complained of occurred in California.  Pursuant to 28 U.S.C. § 1391(b), a civil action may be brought in: (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought, any judicial district in which any defendant is subject to the Court's personal jurisdiction.

Under these venue provisions, venue is proper only in California.  Although Plaintiff states that he doesn't "claim[] California" as his state of residency, *see* ECF No. 1 at 5, his state of residency is not relevant to the venue provisions of §1391(b).  Plaintiff has alleged no basis for venue being proper in this Court.  Plaintiff makes no allegation of an act or omission occurring within the jurisdictional boundaries of this Court, nor does Plaintiff allege that he or the Defendant resides within this district.  None of the requirements of § 1391 are present in this case.  Accordingly, venue in the Eastern District of Missouri is improper.

Under 28 U.S.C. § 1406(a), when a case is filed in a district where venue is not proper, the District Court can either dismiss the action, or if it is in the interest of justice, the Court can transfer the case to any district or division in which it could have been brought.  In this case, the Court finds that the interests of justice do not demand transfer.  Plaintiff Cedric Greene is a vexatious

filer, having filed hundreds of cases in courts across the country in complete disregard of court orders and sanctions. *See Greene v. St. Nicholas Med. Grp.*, No. 24-3268 (7th Cir.) (issuing Feb. 21, 2025, Order that barred Plaintiff Greene from filing any papers with any district court in the circuit until he pays a monetary sanction). As such, this action will be dismissed for improper venue.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to proceed in district court without prepaying fees or costs [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED without prejudice** for lack of proper venue. *See* 28 U.S.C. §§ 1391, 1406(a).

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 16th day of June, 2025.

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE